# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT FRANK SANCHEZ,

          *Petitioner,*

v.

A. A. LAMARQUE, Warden,

          *Respondent.*

No. C 03-37 SI

STIPULATION REGARDING EXHAUSTION OF STATE REMEDIES

    The Court of Appeals (Case No. 04-17140) remanded this matter for further proceedings on petitioner's unexhausted claim that his guilty plea was not knowingly and voluntarily made. The parties, through their respective counsel, have reviewed the record and conferred with the district court.

    THE PARTIES HEREBY STIPULATE as follows:

    Petitioner's claim that his guilty plea was not knowingly and voluntarily made was presented to the California Supreme Court in a state habeas corpus petition, No. S112868 (p. 2 of petition). The California Supreme Court denied the petition without comment on June 11, 2003.

The State's Answer to the District Court's Order to Show Cause, filed February 11, 2004 stated, in Paragraph III (p. 2 of Answer), "Petitioner has exhausted his claim in state court."

A copy of Sanchez's State habeas petition to the California Supreme Court, No. S112868, is attached hereto as Exhibit A.

A copy of the on-line docket of the California Supreme Court in case No. S112868, showing that Sanchez's habeas petition was denied by the court on June 11, 2003 is attached hereto as Exhibit B.

_____
Walter K. Pyle
*Attorney for Petitioner*
(State Bar 98213)
2039 Shattuck Avenue, Suite 202
Berkeley, CA 94704
(510) 849-4424

_____
Pamela K. Critchfield
Deputy Attorney General
*Attorney for Respondent*
(State Bar No. 168024)
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
(415) 703-5952



IT IS SO ORDERED
Judge Susan Illston

2

Sanchez v. Lamarque
No. C 03-37 SI

# Exhibit A

State Habeas Petition

No. S112868

Filed With California Supreme Court

January 16, 2003

**ORIGINAL**

MC-275

Name Robert Frank Sanchez
Address Salinas Valley State Prison
Facility B3-241, PO Box 1040
Soledad, CA 93960-1040
CDC or ID Number P-51892

**SUPREME COURT**
**FILED**
JAN 1 6 2003
Frederick K. Ohlrich Clerk
DEPUTY

California Supreme Court
(Court)

RECEIVED
JAN 1 6 2003
CLERK SUPREME COURT

ROBERT FRANK SANCHEZ
Petitioner
vs.
A.A. LAMARQUE, Warden
Respondent

PETITION FOR WRIT OF HABEAS CORPUS
No. **S112868**
(To be supplied by the Clerk of the Court)

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.
- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies.
- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS | WEST GROUP Official Publisher

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

6. GROUNDS FOR RELIEF
Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)

Plea was not knowing and voluntary

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

Police stopped me for a traffic violation and learned that my wife, who was a passenger, was on misdemeanor probation. Acting on the search clause condition of her probation, police searched my trailer home and recovered 0.07 grams of methamphetamine. I was charged in Santa Clara County with possession of methamphetamine and being under the influence of methamphetamine. Motion to suppress the evidence was denied. I pled guilty to both charges and the court advised me that I would have to serve 80% of the minimum sentence. On 8/30/99 I was sentenced to 25 years to life. Respondent warden has now advised me that I will not receive any sentence credit and I will now have to serve 100% of the sentence before being eligible for parole. I would not have pled guilty had I been properly informed of the time I would have to serve.

b. Supporting cases, rules, or other authority (optional):
(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

Under the circumstances, my plea was not knowing and voluntary in violation of due process of law, my right to a jury trial, to remain silent, to confront and cross examine witnesses, which rights are guaranteed by the 5th, 6th and 14th Amendments.

PETITION FOR WRIT OF HABEAS CORPUS

7. Ground 2 or Ground _____ (if applicable):

Ineffective assistance of counsel

a. Supporting facts: Police stopped me for a traffic violation and learned that my wife, who was a passenger, was on misdemeanor probation. Acting on the search clause condition of her probation, police searched my trailer home and recovered 0.07 grams of methamphetamine. I was charged in Santa Clara County with possession of methamphetamine and being under the influence of methamphetamine. Motion to suppress the evidence was denied. I pled guilty to both charges. The court advised me that I would have to serve 80% of the minimum sentence. On 8/30/99 I was sentenced to 25 years to life. Respondent warden has now advised me that I will not receive any sentence credits and I will now have to serve 100% of the sentence before being eligible for parole. To the extent that my attorney had advised me that I would serve only 80% of the minimum sentence, which influenced my plea, I received ineffective assistance of counsel.

b. Supporting cases, rules, or other authority: Effective assistance of counsel is guaranteed by the 6th Amendment.

MC-275 (Rev. January 1, 1999)    PETITION FOR WRIT OF HABEAS CORPUS    WEST GROUP Official Publisher    Page four of six

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes. ☐ No. If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): Court of Appeal, Sixth Appellate District
   b. Result: Judgment was affirmed        c. Date of decision: January 24, 2001
   d. Case number or citation of opinion, if known: H020579
   e. Issues raised: (1) Illegal search and seizure.
      (2) Sentence of life constituted cruel and unusual punishment.
      (3) "Three Strikes" law is unconstitutionally vague.
   f. Were you represented by counsel on appeal? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known:
      Walter K. Pyle, 2039 Shattuck Ave, #202, Berkeley, CA 94704

9. Did you seek review in the California Supreme Court? ☒ Yes. ☐ No. If yes, give the following information:
   a. Result: Review was denied        b. Date of decision: April 11, 2001
   c. Case number or citation of opinion, if known: S095876
   d. Issues raised: (1) Illegal search and seizure
      (2) Sentence of life constituted cruel and unusual punishment.
      (3) "Three Strikes" law is unconstitutionally vague.

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    Plea was not knowing and voluntary. At sentencing I was told by the court that I would receive credits. It was only much later that I discovered that I would not.

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
       Attach documents that show you have exhausted your administrative remedies.

MC-275 (Rev. January 1, 1999)        PETITION FOR WRIT OF HABEAS CORPUS        WEST GROUP Official Publisher        Page five of six

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? [X] Yes. If yes, continue with number 13. [ ] No. If no, skip to number 15.

13. a. (1) Name of court: __Supreme Court of the United States__

   (2) Nature of proceeding (for example, "habeas corpus petition"): __Petition for writ of certiorari__

   (3) Issues raised: (a) __Illegal search and seizure__

   (b) _____

   (4) Result (Attach order or explain why unavailable): __Petition was denied (01-5510)__

   (5) Date of decision: __January 7, 2002__ (order not available)

   b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

   (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result: _____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) __At sentencing I was told that I would receive credits. It was only much later that I discovered that I would not.__

16. Are you presently represented by counsel? [ ] Yes. [X] No. If yes, state the attorney's name and address, if known: _____

17. Do you have any petition, appeal, or other matter pending in any court? [X] Yes. [ ] No. If yes, explain: __Petition for writ of habeas corpus filed in United States District Court. (1-3-03)__

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court: __A related petition for review has already been presented to this court stating the general circumstances of this case.__

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: __1-14-03__

▶ _Robert L. Dencley_ (SIGNATURE OF PETITIONER)

MC-275 (Rev. January 1, 1999)     **PETITION FOR WRIT OF HABEAS CORPUS**     WEST GROUP Official Publisher     Page six of six

TOTAL P.06

Sanchez v. Lamarque
No. C 03-37 SI

# Exhibit B

Docket Sheet, California Supreme Court
No. S112868, Sanchez on Habeas Corpus

California Courts - Appellate Court Case Information - Docket Entries

# CALIFORNIA APPELLATE COURTS
## Case Information



Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

**Court Case Search Results - Supreme Court SANCHEZ (ROBERT F.) ON H.C.**
**Case Number S112868**

Court data last updated: 06/20/2003 01:53 PM

## Docket Entries (Register of Actions)

| Date | Description | Notes |
|---|---|---|
| 01/16/2003 | Petition for writ of habeas corpus filed | pro per petitioner |
| 06/11/2003 | Petition for writ of habeas corpus denied | |

## Detailed Information

Select item to view below ⬍

© 2002 Judicial Council of California